IN THE MATTER OF WILLIAM ELLIS, ON APPLICATION
FOR HABEAS CORPUS.

*Criminal law—Habeas corpus.*

The alleged want of a preliminary examination, and the illegal
arrest in another state, and transportation into this State, of a
respondent who has been convicted and sentenced to State
prison, cannot be passed upon on *habeas corpus;* the remedy
being by writ of error.

*Habeas corpus.* Submitted January 22, 1890. Denied
January 24, 1890.

Petitioner was convicted of burglary in the Van Buren
circuit, and sentenced to State prison for seven years. The
facts are stated in the opinion.

[Petitioner prepared his petition, which was presented
to the Court by the clerk.—REPORTER.]

PER CURIAM. Ellis was convicted of burglary in the
Van Buren circuit court in 1886, and was sentenced by
Judge Mills to confinement for seven years in the State
prison at Jackson.

The petition alleges several grounds why his imprison-
ment is illegal,—

1. That he had no preliminary examination before a
magistrate.
2. That he was illegally brought into the State, and
under circumstances equivalent to kidnapping.

He was arrested at South Bend, and demanded to be
taken before a magistrate, and the officers who made the
arrest, who were Michigan officers, told him they would
take him to Elkhart, but, instead, brought him into
Michigan.

He alleges errors in the charge of the court; also a refusal by the court to grant him time to get his witnesses to prove an *alibi*. He was arrested with another man by the name of Dunn, and property taken from the store burglarized was found upon each of them. They were jointly indicted, and Dunn pleaded guilty, and testified that Ellis was innocent, and that he committed the burglary and larceny, and sold the property found on Ellis to him. The judge submitted all the testimony to the jury, who returned a verdict of guilty. Ellis claims that if he had been granted time he could have established an *alibi*, and gives the names of his witnesses. It appears that he was defended by counsel, Mr. Breck.

The points presented in his petition are not such as can be passed upon by *habeas corpus*, and his application must be denied. His remedy is by writ of error.

It appears from the petition that the petitioner has an application before the pardoning board for a pardon. We are forcibly impressed with the conviction, after reviewing the testimony which accompanies the petition, that his case is a proper one for the exercise of executive clemency.

The papers will be returned to the petitioner.