STATE EX REL. ALVIN HANSEN v. L. F. UTECHT.[1]

January 6, 1950.

No. 35,157.

*Alvin Hansen, pro se.*
*J. A. A. Burnquist,* Attorney General, for respondent as warden of the state prison.

PER CURIAM.

There is before us an appeal from the order denying petitioner a writ of habeas corpus. This brings the case here *de novo*, but instead of appointing a referee to take testimony upon the petition, we consider the question as to whether the petition on its face presents a case for the issuance of a writ of habeas corpus. We take the view that it does not present such a case, but wholly fails to do so, and we cannot do better than to quote from the memorandum attached to Judge Alfred P. Stolberg's order denying the issuance of a writ.

"The petition is defective for failure to comply with M. S. A. 589.04(4) in that no' copy of the warrant of commitment is annexed to the petition or any reason given for failure to annex the same.

"State ex rel. Sherin vs. Goss, 73 Minn. 126 [75 N. W. 1132].

"Relator claims that he was arrested without a warrant. That may be true but arrests may be made without a warrant in certain cases. M. S. A. Sec. 629.34. If illegally arrested relator might have a cause of action against the arresting officer. The illegality of the arrest would not invalidate a conviction.

"Relator appears to have been convicted of Grand Larceny in the second degree and sentenced to a term of more than five years. He has now served 19 months. Assuming that the sentence was illegally made for more than five years such fact would not entitle relator to a release at this time. His application is premature. He has not served a five year sentence.

"State ex rel. [Carmody] vs. Reed, 132 Minn. 295 [156 N. W. 127].

"State ex rel. Petcoff vs. Reed, 138 Minn. 465 [163 N. W. 984].

[1]Reported in 40 N. W. (2d) 441.

"The sentence if erroneous is subject to correction.

"Apparently relator was sentenced under the habitual criminal act. Relator contends that the act is unconstitutional. Our Supreme Court held to the contrary in State vs. Fruedling [Findling], 123 Minn. 413 [144 N. W. 142, 49 L.R.A.(N.S.) 449].

"Relator claims that the trial was illegal because of no indictment by a Grand Jury. He was tried on an information filed by the County Attorney.

"A trial on an information is due process of law and does not violate either state or federal constitutions.

"Dunnell's Minnesota Digest, 4430a.

"State vs. Rank, 162 Minn. 393 [203 N. W. 49].

"State vs. McGraw, 163 Minn. 154 [203 N. W. 771].

"Names of witnesses need not be endorsed on the information.

"State vs. Workman, 157 Minn. 168 [195 N. W. 776].

"The sufficiency of the information is challenged. We do not have it before us. No copy is attached to the petition. Even if not good it can not be challenged in Habeas Corpus proceedings.

"State ex rel. [Jackson] vs. McDonald, 112 Minn. 428 [128 N. W. 454].

"State ex rel. [McDonald] vs. Riley, 116 Minn. 1 [133 N. W. 86].

"The sufficiency of the evidence to establish the guilt of relator can only be raised by an appeal or writ of error.

"Dunnell's Minnesota Digest, Sec. 4131 and cases there cited. 25 Am. Jur. page 173, Sec. 41.

"A defendant in a felony case who has been convicted of a felony and sentenced by a court of competent jurisdiction may not raise the objection upon habeas corpus that there was no preliminary examination.

"25 Am. Jur. page 169, Sec. 35."

The petition is denied.