# STATE EX REL. RICHARD NAUS v. DOUGLAS C. RIGG.*

84 N. W. (2d) 698.

August 2, 1957—No. 37,243.

*Richard Naus*, pro se, for appellant.

* Certiorari denied, _____ U. S. _____, 78 S. Ct. 153, 2 L. ed. (2d) 114.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

NELSON, JUSTICE.

Respondent moves to dismiss relator's appeal from an order denying him relief on petition for writ of habeas corpus.

Relator, Richard Naus, pleaded guilty to an information charging burglary in the third degree on March 15, 1954. On April 15, 1954, he was duly sentenced in the District Court of Hennepin County to the Minnesota State Prison at Stillwater, Minnesota, there to remain until he shall have been thence discharged by due process of law or by competent authority. Thereafter on April 15, 1954, the execution of the sentence was duly stayed by the court until April 15, 1958, and relator was committed to the care of a probation officer. On October 26, 1955, the probation officer reported that relator had absconded, that his whereabouts were then unknown, and recommended to the sentencing court that the order staying the execution of sentence be vacated and that a warrant of commitment be issued forthwith. On October 31, 1955, the court ordered the stay of sentence vacated and the issuance of a warrant of commitment forthwith. Commitment was thereupon issued.

On January 6, 1956, the sheriff of Hennepin County removed relator from jail in Washburn County, Wisconsin, where he had been arrested, and transported him to the state prison at Stillwater, Minnesota, where he is now serving the sentence imposed upon him on April 15, 1954. The return on the writ of habeas corpus shows in detail that the District Court of Hennepin County, Minnesota, had jurisdiction of the person of Richard Naus and of the subject matter before it; that due process of law was observed; and that these proceedings resulted in lawful commitment to the state prison at Stillwater, Minnesota. The relator has not denied the allegations contained in the return to the writ and they stand admitted.

No extradition proceedings were employed in the State of Wisconsin. Relator, however, presents two grounds to support his contention that he was not legally imprisoned and therefore entitled to a writ of habeas corpus: (1) That the information charging him with burglary in the third

degree was defective, thereby preventing the district court from acquiring jurisdiction over his person; (2) that his arrest subsequent to the probation violation was illegal because the sheriff of Hennepin County did not have jurisdiction over him while he was in the State of Wisconsin.

As to relator's first contention, the law is well settled in this state that a petition for habeas corpus will not reach errors in the trial of the accused. There the proper remedy is to appeal. 8 Dunnell, Dig. (3 ed.) § 4129. The only defect in the information of which relator complains is that it contained the wrong date for the occurrence of the crime. This defect was one of form only and it did not materially prejudice his rights at the trial. Defects in informations and indictments which do not deprive the court of jurisdiction cannot be attacked in habeas corpus proceedings. We have said that habeas corpus is a civil remedy, separate and apart from the criminal action, and, therefore, it may not be used as a substitute for a writ of error or appeal, or as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant. The only function of habeas corpus after the conviction for a crime is ordinarily to ascertain whether the court had jurisdiction of the crime and of the person of the defendant; whether the sentence was authorized by law; and whether the defendant was denied certain fundamental constitutional rights.[1] Breeding v. Swenson, 240 Minn. 93, 60 N. W. (2d) 4.

As to relator's second contention, it is conceded by the state that the apprehension and arrest was made in the State of Wisconsin and that the arrest was illegal. Consequently the issue is whether or not, if the arrest was illegal, it will bar relator's present physical imprisonment. Had relator applied for habeas corpus in Wisconsin before removal to Minnesota, he of course could have raised the question there which he now seeks to raise here. We think it clear that after confinement pursuant to a valid commitment it is too late to raise that issue in a habeas corpus proceeding. Cases in this state hold that the illegal arrest of the accused will not bar the court's jurisdiction to hear the case

---

[1]See, M. S. A. 628.18, 628.19, 628.30; State v. McGunn, 208 Minn. 349, 294 N. W. 208; State v. Irish, 183 Minn. 49, 235 N. W. 625.

and impose the sentence. See, City of St. Paul v. Stovall, 225 Minn. 309, 30 N. W. (2d) 638.

In State v. Chandler, 158 Minn. 447, 197 N. W. 847, that rule was applied where the facts in the case were similar to those in the instant case. The defendant was convicted of grand larceny; he was sentenced, but the sentence was suspended subject to the condition that he make certain payments on the funds which he had misappropriated. Chandler failed to meet the conditions laid down by the court and thereupon the court revoked the suspension, issued a bench warrant, and ordered commitment. Defendant Chandler had absconded but was found in the State of Iowa where he was arrested and returned to this state without benefit of the extradition process. This court held that the failure to extradite was not fatal and stated that (158 Minn. 449, 197 N. W. 848) "A party cannot procure exemption from serving his sentence upon any such grounds. He is here legally in custody of the state." The Chandler case is authority for the proposition that the warden need only produce evidence of a proper order for commitment which is based upon a valid judgment and that such evidence will defeat a petition for habeas corpus even though the arrest that led to the physical imprisonment was illegal. Such a result would also seem to follow from M. S. A. 640.10. It is provided by statute in this state that unless a sentence has been indefinitely suspended the court will have the power to revoke the suspension whenever in its discretion such action is justified. § 610.39. And in Breeding v. Swenson, *supra*, this court held that the trial court without notice and in its discretion could vacate a suspended sentence and reinstate the original sentence. This court also held that the court's failure to state the grounds for the vacation as required by statute was not jurisdictional.

The case of United States v. Ragen (7 Cir.) 237 F. (2d) 827, 829, dealing with the problem of "forcible abduction," states:

"* * * The Supreme Court commented, in Frisbie v. Collins, 342 U. S. 519, at page 522, 72 S. Ct. 509, at page 511, 96 L. Ed. 541, that it had never departed from the rule announced in Ker v. Illinois, 119 U. S. 436, 444, 7 S. Ct. 225, 30 L. Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he has been brought within the court's jurisdiction by reason of a 'forcible ab-

duction.' "

The conclusion therefore follows that, where a person convicted of a felony leaves the state and thereafter is apprehended under a lawful commitment, returned to the state, and confined in prison by virtue of that commitment, he is in no position to take advantage of his own wrong in being outside of the state so as to lawfully make the claim that he was wrongfully imprisoned. Relator is rightfully imprisoned pursuant to a lawful commitment and therefore any illegal act of the apprehending officer is not charged to respondent, the warden. Relator is at the present time held in prison by virtue of the judgment. He is not held in prison because of the conduct of the officer who executed the warrant of commitment. The warden holds the proper commitment papers, a certified copy of so much of the judgment roll as is necessary, which is his warrant to hold the prisoner.[2]

We therefore conclude that relator was lawfully committed to the Minnesota State Prison at Stillwater and is there in lawful custody pursuant to the judgment and sentence of the court.

The order of the trial court is affirmed.

---

[2] 24 C. J. S., Criminal Law, § 1607; M. S. A. 631.40.