## STATE EX REL. LEON L. COBB v. DOUGLAS C. RIGG.

87 N. W. (2d) 363.

December 27, 1957—No. 37,173.

*Leon L. Cobb,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

MAGNEY, COMMISSIONER.

Petitioner appeals from an order of the District Court of Washington County denying his petition for a writ of habeas corpus.

On October 14, 1952, a jury found petitioner guilty of the crime of assault in the second degree. After a presentence examination of petitioner by the court and the county attorney, the latter presented an information to the court charging petitioner with the prior conviction of a felony and read the same to petitioner and the court. The record then shows the following proceeding:

"THE COURT: Counsel, have you anything that you want to say?

"MR. GROSS: * * * The defendant admits the truthfulness of the information.

"THE COURT: Well, of course, I'll have to ask him that, but you don't appear for anything else?

"MR. GROSS: No, Your Honor.

"THE COURT: What say you to the information, guilty or not guilty?

"THE DEFENDANT: Guilty. I served my time on it, Your Honor. It is true.

"THE COURT: County Attorney, is there anything that you want to say more than that now?

"COUNTY ATTORNEY: I think not, * * *."

On the following morning, petitioner was given an indeterminate sentence covering both offenses and is still confined in the state penitentiary at Stillwater.

M. S. A. 610.31 provides that it is the duty of the county attorney of the county in which a conviction was had to file an information with the court accusing such convicted person of previous convictions, if such exist —

"* * * whereupon the court shall cause such person * * * to be brought before it, * * * and *shall inform him of the accusations contained in the information, by reading the same to him, and of his right to be tried as to the truth thereof according to law, * * *. * * * if the accused acknowledges or confesses in open court, after being duly cautioned as to his rights,* that he has been so convicted, the court shall sentence him to the increased punishment * * *." (Italics supplied.)

It is the claim of petitioner that he should have been granted the writ of habeas corpus since the county attorney, and not the court as the statute provides, read the information to him, and he further claims that the court failed to advise him of his rights, especially of his right to be tried as to the truth thereof, as also provided by the statute.

The purpose of reading the information to an accused by the court is to inform him of the accusations contained in the information, according to the wording of the statute. It would seem that the accused would be equally well informed of the accusations set out in the information whether it was read to him by the court or the county attorney. He does not claim that this irregularity, which to us seems of little importance, misled him in any respect, as in either case he would have been fully informed as to the contents of the information. We hold that petitioner was not prejudiced by this irregularity.

The court did not caution petitioner as to his rights when he entered a plea of guilty to the information. He had just been found guilty of second degree assault. Throughout the trial he was represented by counsel. When he was brought before the court to plead to the information charging a prior conviction, he was represented by the

same counsel; also when he was sentenced. He does not now claim that he did not understand the consequences of a plea of guilty to the information charging a prior conviction. In fact, in his petition he states:

"* * * Since I had been repeatedly told both by the sheriff and county Attorney that if I would plead guilty to the second degree assault charge they would only give me 5 years, but if I stood trial they would bring up the previous conviction, and I would automatically get 10 years, I never knew at the time I had any right of trial on it, or indeed that it was another charge."

He therefore, on his own statement, knew the effect of a plea of guilty to the information charging a prior offense. Nor does he now claim that the second information is erroneous or that it does not state the truth.

The questions raised by petitioner in this appeal were fully covered in State ex rel. Savage v. Rigg, 250 Minn. 370, 375, 84 N. W. (2d) 640, 645, where we stated:

"Where a defendant in a criminal case who is represented by competent counsel enters a plea of guilty to a charge contained in an information filed against him, the general rule is that he waives all defenses other than that the information charges no offense."

In that case we also said (250 Minn. 375, 84 N. W. [2d] 645):

"* * * it cannot very well be argued that he did not understand the consequences of a plea of guilty. Under these circumstances, it must be presumed, in the absence of an affirmative showing to the contrary, that he was advised by his attorney of his rights to a jury trial of the issues presented by the information charging him with a conviction of former felonies if he desired to have such trial. * * * Where a defendant appears without counsel, it is incumbent upon the court to inform him of his rights under § 610.31. But, where he is adequately represented by competent counsel, failure to strictly follow the statutory requirement does not vitiate a sentence imposed after a plea of guilty."

In this case we find no denial of due process. Petitioner is confined

under a valid sentence and is not entitled to a discharge under a writ of habeas corpus.

Order affirmed.