## STATE EX REL. VERNON C. DRESSLER v. DOUGLAS C. RIGG.

89 N. W. (2d) 699.

April 18, 1958—No. 37,451.

*Vernon C. Dressler,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

NELSON, JUSTICE.

Upon relator's appeal from an order of the district court denying his petition for a writ of habeas corpus, respondent moves for an order dismissing the petition upon the grounds that such petition is wholly lacking in merit and alleges no facts upon which a writ of habeas corpus may be based. The main legal issue involved is whether in a criminal proceeding, when the accused is convicted of a felony and sentenced to imprisonment, the law requires that the judgment of conviction and sentence must be signed by the presiding judge. The other legal issue raised by relator is his claim that all proceedings in this matter in the court below were heard "in chambers" and that consequently he has been denied a public trial, guaranteed him under Minn. Const. art. 1, § 6.

The attorney general raises another issue for the first time in this proceeding, which is whether relator's petition complies with the requirements of M. S. A. 589.04. It is contended that in addition to its other shortcomings it fails to allege the cause or pretense of the confinement or restraint of which the petitioner complains, according to the knowledge and belief of the petitioner; that no copy of any warrant, order, or process of the court is annexed to the petition; that it has not been alleged that a demand was made therefor or that petitioner was unable to make such demand for reasons which the statute specifies; and further that the petitioner fails to allege that the warden refused to furnish him with a copy of the warrant, order, or process aforesaid. Relator, however, alleges in his petition that he has in his possession copies of synopses of three pages of judgment roll and court order (presumably relating to the judgment of conviction and sentence) duly certified. The attorney general further contends that the petition fails to allege illegal imprisonment and to state wherein the illegality consists.

Habeas corpus may not be used as a substitute for appeal or

as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant. A person committed or detained by virtue of the final judgment of a competent tribunal cannot be released on habeas corpus. State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034; State v. Rudin, 153 Minn. 159, 189 N. W. 710; Annotation, 87 A. S. R. 167; M. S. A. 589.01. It is clear from a reading of § 589.04 that the petition for habeas corpus must state that petitioner is not committed or detained by virtue of any process, judgment, decree, or execution as specified in § 589.01.

It is admitted by relator that on April 29, 1953, he pleaded guilty to the crime of grand larceny in the second degree before a judge of the District Court of Ramsey County; that at the time of the entry of his plea of guilty the state was represented by John P. Frank, assistant county attorney of Ramsey County, and the defendant by Lawrence C. Merthan. Defendant was thereafter sworn, examined by the county attorney, and questioned in the usual detail according to the common practice. At the conclusion of the questioning the following sentence was imposed according to the minutes of the court:

"Whereas you have entered a plea of guilty to the crime of grand larceny in the second degree as alleged in the Information of the County Attorney dated April 28, 1953, the Court does now adjudge that you are guilty of the crime of grand larceny in the second degree as specified in that Information; so it is the judgment of the Court and the sentence of the law that you be confined in the State Reformatory in Sherburne County, Minnesota, according to law; but the execution of that sentence is suspended upon condition that you fully and completely obey all of the rules and regulations that may be prescribed for you by the Probation Department of this Court, which includes submission to treatment by the medical staff at the Veterans Administration and that you continue with such medical treatment until properly discharged by the medical authorities; and that you discontinue all business as a self-employed contractor."

Later, on January 28, 1957, relator was again brought before the

court. After a hearing before the same district judge the suspension of his sentence was revoked and he was committed. He is now detained by virtue of a warrant of commitment issued out of the District Court of Ramsey County January 29, 1957. His claim of illegal detention is based on the allegation that the judgment and sentence imposed upon him is without authority and illegal because the sentence entered April 29, 1953, had not been signed by the presiding judge of the trial court.

On relator's petition for a writ of habeas corpus, the court below found his contention without merit, citing State v. Gieseke, 125 Minn. 497, 147 N. W. 663; 5 Dunnell, Dig. (3 ed.) § 2487a. In the Gieseke case it was held that, unlike the procedure in civil cases, in criminal cases the judgment shall be pronounced in open court and the entry thereof be made by the clerk in the minutes, and therefore no entry of judgment other than an entry so made by the clerk is required. This court ruled in that case that the judgment in question was sufficient in form and was properly entered in the minutes. The sentence is the judgment. The petition must show in what the illegality consists. Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535; Stolpestad v. Utecht, 231 Minn. 266, 42 N. W. (2d) 813; State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441; Hoskins v. Baxter, 64 Minn. 226, 66 N. W. 969.

The complaint of relator that the matter was heard "in chambers" and that therefore he was denied a public trial as guaranteed to him by our constitution is we think also without merit. Every defendant in a criminal case is guaranteed a speedy and public trial by an impartial jury and therefore every accused has a constitutional right to a public trial. A "public trial" means a trial by jury. The relator was convicted on his own plea of guilty. The record does not disclose that he demanded a public trial. See, 5 Dunnell, Dig. (3 ed.) §§ 2472, 2473, and cases cited. The constitutional guarantee of a speedy and public trial was not violated herein by the informality of the hearing "in chambers," particularly where he was represented by counsel and had pleaded guilty to the charge.

Since the filing of attorney general's motion, copies of proceedings before the District Court of Ramsey County including sentence on his plea of guilty and suspension thereof as shown by the minutes of the

court together with copies of the order revoking probation and warrant of commitment have been furnished by petitioner.

The objection heretofore made that relator's petition was defective in not containing a copy of the warrant and commitment papers may now be waived for the purpose of according the relator's petition complete consideration. There has at least been substantial compliance with § 589.04(4). Nevertheless, we have no choice but to dismiss the petition for the reason that it alleges none of the essential facts and conditions upon which a writ of habeas corpus may be based.

Petition denied and appeal dismissed.