STATE EX REL. CARL E. STOUT v. DOUGLAS C. RIGG.*

90 N. W. (2d) 910.

June 6, 1958—No. 37,409.

[4]Carl v. DeToffol, 223 Minn. 24, 25 N. W. (2d) 479.

*Certiorari denied, 358 U. S. ——, 79 S. Ct. 75, 3 L. ed. (2d) 83.

504

*Carl E. Stout,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Harold J. Soderberg,* Assistant Attorney General, for respondent.

THOMAS GALLAGHER, JUSTICE.

Relator petitioned the District Court of Washington County June 1, 1957, for writ of habeas corpus, alleging that he was unlawfully confined in the state prison at Stillwater, of which respondent is warden. On June 13, 1957, that court made its order directing respondent to appear before it with relator on July 8, 1957, and show cause why the writ should not be issued.

On June 28, 1957, pursuant to such order, respondent made and filed his return in said court and caused a copy of it to be served upon relator. On July 8, 1957, he appeared with relator and hearing was then held on relator's petition. Written and oral arguments were submitted by the parties, including relator pro se. On July 23, 1957, the court entered its order discharging the order to show cause and denying the petition for writ of habeas corpus. Relator takes this appeal from such order.

A certified copy of various documents of the District Court of Ramsey County, which formed the judgment roll in the original pro-

ceedings against relator, was attached to and made a part of respondent's return. A transcript of the minutes of conviction and sentence indicated that, on October 9, 1950, relator appeared before the Honorable Robert V. Rensch, Judge of the District Court of Ramsey County, to answer informations charging him with the crime of kidnapping and conspiracy to commit a felony; that at that time the county attorney appeared on behalf of the state and George C. King, public defender, appeared on behalf of relator; and that in open court relator pleaded guilty to the charges described.

Besides the transcript, the judgment roll included (1) the information dated June 19, 1950, charging relator with the crime of kidnapping; (2) a second information dated October 9, 1950, charging relator with a conviction for robbery in the State of Iowa on November 23, 1938; and (3) the judgment of guilt and sentence in connection therewith. The return also included a certified copy of the warrant of commitment to the warden of the state prison at Stillwater pursuant to the sentence described. The transcript of sentence dated October 9, 1950, set forth the following:

"It is considered and adjudged that you, Carl E. Stout, are guilty of the offense of kidnapping * * * and that you are the identical Carl E. Stout who on the 23rd day of November, 1938, in the District Court of Polk County, State of Iowa, were convicted of robbery and sentenced therefor to serve a term in the penitentiary located at Ft. Madison, Iowa, and that that crime is a felony under the laws of the State of Iowa and if committed in the State of Minnesota would have been a felony under the laws of the State of Minnesota * * * and that as punishment therefor you be taken by the sheriff of this county to the State Penitentiary * * * and there confined and committed according to law. It is further ordered that in no event shall the maximum term of this sentence exceed fifty years."

The transcript of the minutes further disclosed that, on October 9, 1950, following relator's plea of guilty to the charge of conspiracy to commit a felony, the court disposed of such plea by sentencing relator therefor to a term of 90 days in the Ramsey County jail and immediately thereafter suspending such sentence.

In his petition for writ of habeas corpus, relator contended that he was not committed to prison by virtue of any judgment of any competent tribunal. The judgment roll disclosed no basis for this contention. It definitely established that relator was sentenced by the District Court of Ramsey County for the crime of kidnapping to which he had entered a plea of guilty and that he had been lawfully imprisoned therefor.

At the hearing, however, relator took the additional positions that (1) his pleas of guilty to the charge of kidnapping and to the charge of conspiracy to commit a felony were void, since they embraced two different offenses, the former a felony, and the latter a misdemeanor over which the district court lacked jurisdiction; (2) that his sentence was invalid in that it did not have the signature of the judge who sentenced him; (3) that he had been pardoned for his Iowa conviction by virtue of his service in the United States Army and the 1945 presidential proclamation of amnesty for persons serving in and honorably discharged from the armed forces, so that such prior conviction should not have formed any basis for his sentence; and (4) that, since the court had not complied with the provisions of M. S. A. 610.31 by reading the information charging him with the Iowa offense and advising him of his right to be tried as to the truth thereof, the additional penalty imposed upon him therefor under § 610.28 was invalid.

■ The record is ample to support the trial court's finding that relator is not unlawfully imprisoned. It discloses his plea of guilty to the crime of kidnapping and his sentence and valid commitment therefor in the state prison at Stillwater. While his plea of guilty to the crime of kidnapping was accompanied by a similar plea to another information charging him with conspiracy to commit a felony, the transcript discloses that his present imprisonment does not involve anything in connection with the latter charge. The crime of kidnapping calls for a maximum sentence of 40 years. § 619.34. At present relator has served less than 8 years of his sentence. It follows that, regardless of the validity of his suspended sentence for conspiracy to commit a felony, he is not now unlawfully imprisoned, and the trial court did not err in denying his petition for writ of habeas corpus. See, State ex rel. Perkins v. Utecht, 231 Minn. 339, 43 N. W. (2d) 258; State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441; State ex rel. Carmody v.

Reed, 132 Minn. 295, 156 N. W. 127.

■ Nor would the fact that the transcript of the sentence failed to include the signature of the judge sentencing relator affect the validity of such sentence. As stated in State v. Gieseke, 125 Minn. 497, 498, 147 N. W. 663, 664:

"* * * Unlike the procedure in civil cases, the statute contemplates that in criminal cases the judgment shall be pronounced in open court, and the entry thereof be made by the clerk in the minutes."

See, State ex rel. Dressler v. Rigg, 252 Minn. 239, 89 N. W. (2d) 699; State v. Grimes, 83 Minn. 460, 86 N. W. 449; § 631.40.

■ Relator asserts that the court was without jurisdiction to impose an added sentence because of his former conviction for robbery in the State of Iowa, contending that the 1945 presidential proclamation of amnesty,[1] which extended pardons to honorably discharged veterans serving in the armed forces in excess of 1 year for convictions prior to July 29, 1941, wiped out his previous sentence and deprived the court of the right to impose the additional penalty provided by § 610.28. The latter provides that a person convicted of a prior felony shall be sentenced for the second conviction for not less than twice the shortest term otherwise provided therefor. Thereunder, it is the fact of the prior conviction which gives the court jurisdiction to impose the additional sentence and accordingly a subsequent pardon therefor would not deprive the court of authority vested in it under this section. As stated in State v. Stern, 210 Minn. 107, 109, 297 N. W. 321, 323:

"* * * We are in accord with the views expressed by the appellate division [People v. Carlesi, 154 App. Div. 481, 139 N. Y. S. 309, affirmed, 208 N. Y. 547, 101 N. E. 1114; Carlesi v. New York, 233 U. S. 51, 34 S. Ct. 576, 58 L. ed. 843], which was subsequently affirmed above. The court there said (154 App. Div. 486, 139 N. Y. S. 312):

" 'The pardon of this defendant did not make "a new man" of him; it did not "blot out" the fact or the record of his conviction, and of

---

[1]Proclamation No. 2676, 10 F. R. 15409, U. S. Code Congressional Service, 79th Congress, First Session, 1945, "Granting Pardon to Certain Persons Who Have Served in the Armed Forces of the United States," December 24, 1945, p. 1206.

course, the Supreme Court, in deciding that the Congress could not impinge upon the pardoning power of the Executive did not intend to hold that the Executive could blot out a solemn record of the judicial branch of government. * * * The pardon in this case merely restored the defendant to his civil rights. * * *' "

In a comment on this case in 26 Minn. L. Rev. 274 it is stated:

"The Minnesota court * * * concluded that the better rule was that adopted by the majority of the courts holding that the pardon does not prevent the application of the habitual criminal act. For a discussion of the majority and minority rules, see (1930) 14 Minnesota Law Review 293; Note, (1941) 132 A. L. R. 103."

Accordingly, under our ruling in State v. Stern, *supra,* it would follow that relator's pardon for his Iowa conviction did not limit the authority of the District Court of Ramsey County to impose upon him the additional penalty provided for in § 610.28.

■ Relator contends also that the additional penalty imposed upon him by virtue of § 610.28 was not valid for the reason that prior to sentence thereunder the court had failed to comply with the provisions of § 610.31, which provides that:

"If * * * it shall appear that a person convicted of a felony * * * has been previously convicted of any crime * * * it shall be the duty of the county attorney * * * to file an information * * * accusing such person of such previous convictions, whereupon the court shall cause such person * * * to be brought before it * * * *and shall inform him of the accusations contained in the information, by reading the same to him, and of his right to be tried as to the truth thereof according to law, and shall require such person to say whether he has been convicted as charged in the information or not.* * * * if the accused acknowledges or confesses in open court, *after being duly cautioned as to his rights,* that he has been so convicted, the court shall sentence him to the increased punishment * * *." (Italics supplied.)

The transcript of the minutes of the proceedings indicates the following proceedings with reference to the prior conviction:

"Q. How many times have you been arrested before?

"A. This is the second time. I have never been picked up by the police.

"Q. How much of this ten years did you serve? A. While I was in there I served four years, eight months and twenty-six days on a ten-year term * * *. In other words, three days before my sentence was to expire I was pardoned out of the Iowa State Penitentiary and went into the army.

"Q. Pardoned or paroled? A. It was my understanding it was to be a pardon. * * *

\* \* \* \* \*

"* * * The Iowa offense was committed in 1938. There was about a month and a half or two months between the time of commission and the court proceedings."

It does not appear that the court informed relator "of the accusations contained in the information, by reading the same to him, and of his right to be tried as to the truth thereof according to law, * * *" as required by § 610.31. In similar situations this court has held that a defendant represented by competent counsel who has acknowledged his guilt as to an information charging a prior felony conviction waives all defenses other than that the information charges no offense; and that he is in the same position with respect to matters reviewable by appeal as if he had been found guilty by a jury. State ex rel. Savage v. Rigg, 250 Minn. 370, 84 N. W. (2d) 640, certiorari denied, 355 U. S. 918, 78 S. Ct. 348, 2 L. ed. (2d) 277; State ex rel. Cobb v. Rigg, 251 Minn. 208, 87 N. W. (2d) 363. As stated in the Cobb case (251 Minn. 210, 87 N. W. [2d] 365):

"The purpose of reading the information to an accused by the court is to inform him of the accusations contained in the information * * *. It would seem that the accused would be equally well informed of the accusations set out in the information whether it was read to him by the court or the county attorney. He does not claim that this irregularity, which to us seems of little importance, misled him in any respect * * *.

\* \* \* \* \*

"* * * Nor does he now claim that the second information is erroneous or that it does not state the truth."

In any event, the proceedings under § 610.31 do not affect the validity of relator's present imprisonment under the sentence imposed upon him for kidnapping. See, State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441; State ex rel. Carmody v. Reed, 132 Minn. 295, 156 N. W. 127.

The order appealed from is affirmed.

Affirmed.