STATE EX REL. EVERETT WELPER v. DOUGLAS C. RIGG.

93 N. W. (2d) 198.

November 28, 1958—No. 37,519.

*Everett Welper,* pro se, for petitioner.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

DELL, CHIEF JUSTICE.

Relator appeals from an order of the district court denying his petition for a writ of habeas corpus.

The sole function of the writ as a post-conviction remedy is to

ascertain whether the court had jurisdiction over the crime and over defendant's person, whether the sentence was authorized by law, and whether defendant was denied certain fundamental rights.[1] It does not lie as a substitute for an appeal.[2]

Relator was arrested and brought before the justice court on a charge of forgery in the second degree. He claims that upon his refusal to enter any plea the court entered a plea of not guilty for him and he was bound over to district court for trial. On the day set for trial relator, upon the advice of his own counsel, entered a plea of guilty to the information filed against him, whereupon the trial court adjudged him guilty of forgery in the second degree. He was sentenced to the state penitentiary but execution of the sentence was stayed pending an investigation by the State Board of Parole and Probation. Thereafter he was released on probation. The order staying execution of his sentence was subsequently revoked and he was committed to the state prison.

The proceedings in both the justice court and the district court are attacked in relator's application for the writ. He claims that in justice court he was deprived of his right to a preliminary examination; that he was "subjected to coercion, mis-information, misrepresentation, and threats of further prosecution on other issues" in an attempt to "force him to enter a plea to the crime charged, and to 'waive' his right to a preliminary examination"; and that he was denied the right to contact his own counsel until he had entered a plea. He claims that in district court no intent to defraud—an essential element in forgery—was ever proved and that he was the victim of an information which unlawfully joined two counts, forgery and uttering a forged instrument.

We turn first to the question raised by the failure to provide relator with a preliminary hearing. By our statutes a party is entitled to a preliminary examination before an information is filed against him unless he chooses to waive his right to it.[3] The examination must be given promptly and the magistrate is then required to decide on the basis of

---

[1]State ex rel. Naus v. Rigg, 250 Minn. 365, 84 N. W. (2d) 698, certiorari denied, 355 U. S. 884, 78 S. Ct. 153, 2 L. ed. (2d) 114.

[2]State ex rel. Veblen v. Swenson, 243 Minn. 578, 65 N. W. (2d) 619.

[3]M. S. A. 628.31.

the examination whether a public offense has been committed and whether or not there is probable cause for charging the prisoner with the offense.[4] However, a preliminary hearing is not a trial,[5] and a defendant may not save his objections to the failure of the magistrate to give him a preliminary examination until after he has been given a fair and impartial trial by a court of competent jurisdiction resulting in his conviction and then attempt to vitiate the proceedings. At any point up to the time he enters his plea he may call these irregularities to the attention of the court; failure to do so by then must necessarily be deemed a waiver of these objections.[6]

■ In a case such as this habeas corpus is available only to inquire whether the committing magistrate had jurisdiction, whether the indictment charged a public offense, and whether the evidence warranted a finding of probable cause.[7] It may not be used to review errors and irregularities which do not oust the magistrate of jurisdiction or render the proceedings void.[8] The objection that there was no preliminary hearing before the magistrate cannot be raised upon habeas corpus after conviction and sentencing in a court of competent jurisdiction.[9] Relator does not object to the justice court's jurisdiction; he does not claim that there was no public offense charged; and he does not claim that there was insufficient evidence to justify a finding of probable cause. Denial of the preliminary hearing was at most an irregularity which his subsequent conviction and sentencing foreclose him from raising at this

---

[4]§§ 629.50 to 629.53.

[5]Latimer v. State, 55 Neb. 609, 76 N. W. 207.

[6]State v. Puent, 198 Minn. 175, 269 N. W. 372; State v. Stewart, 7 W. Va. 731, 23 Am. R. 623; see, State ex rel. Cobb v. Rigg, 251 Minn. 208, 87 N. W. (2d) 363; State ex rel. Savage v. Rigg, 250 Minn. 370, 84 N. W. (2d) 640, certiorari denied, 355 U. S. 918, 78 S. Ct. 348, 2 L. ed. (2d) 277.

[7]United States v. Fogel (D. Minn.) 22 F. (2d) 823.

[8]State ex rel. Stark v. Riley, 109 Minn. 434, 124 N. W. 11; State ex rel. Hooper v. Riley, 109 Minn. 529, 124 N. W. 13.

[9]State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441; United States ex rel. Lawson v. Skeen (N. D. W. Va.) 145 F. Supp. 776; Ex parte McConnell, 83 Cal. 558, 23 P. 1119; In re Ellis, 79 Mich. 322, 44 N. W. 616; State ex rel. Lovejoy v. Skeen, 138 W. Va. 901, 78 S. E. (2d) 456; see, 25 Am. Jur., Habeas Corpus, § 35.

late date.

Nor can we accept the claim that relator was subjected to coercion. All that is before us is the bare claim itself. There is no indication of what methods may have been employed and by what persons. There is merely an unsupported statement and no more.

■ In so far as relator seeks to attack the proceedings in justice court on the ground that he was denied his right to counsel at that time, we are likewise unable to agree with him. Our state constitution provides that in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel in his defense.[10] This is merely a declaration of the right, and it has been noted that there is nothing in this section which requires a court to inform defendant of his right to have an attorney or to appoint one for him where he is unable to hire one himself.[11] Any such rights, if they are conferred at all, are conferred by statute, and even then not every denial thereof is a violation of the state or Federal due-process clauses.[12] Only when a defendant appears for arraignment without counsel do our statutes require that he be informed of his right to have counsel prior to arraignment and that he be asked if he desires such aid.[13] This is also the first time in the proceedings that the statutes authorize the appointment of counsel at public expense.[14] In this respect we are unlike those states whose statutes provide that, when the accused is brought before a magistrate for preliminary hearing, the magistrate shall immediately inform him of his right to the aid of counsel.[15]

M. S. A. 629.50 provides that an accused may be assisted by counsel at the time of the preliminary hearing. The language is permissive; it

---

[10]Minn. Const. art. 1, § 6.

[11]State ex rel. Schwanke v. Utecht, 233 Minn. 434, 438, 47 N. W. (2d) 99, 102; Opinion Attorney General, No. 605-A-4, July 31, 1931; see, State ex rel. Weich v. City of Red Wing, 175 Minn. 222, 220 N. W. 611.

[12]State ex rel. May v. Swenson, 242 Minn. 570, 65 N. W. (2d) 657; State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99; see, Annotation, 84 L. ed. 383, 390, § IIIb.

[13]M. S. A. 630.10 and 628.32, subd. 5.

[14]§ 611.07.

[15]See, Annotation, 3 A. L. R. (2d) 1006, note 2.

speaks in terms of *may,* not *must.* And while it would have been the better practice to allow relator here to contact his own counsel, the failure to do so is not so important or prejudicial that it requires us to grant the writ. As we have already pointed out, a preliminary examination is not a trial. Its sole purpose is to determine whether an offense has been committed and whether there is probable cause to believe that the accused is the offending party.[16] Accordingly it has been held that defendant has no right to have counsel present at the preliminary hearing.[17] This is no different from any other hearing in which the guilt or innocence of the accused is not involved.[18] Indeed we have held that a defendant who did not secure counsel until just prior to sentencing was not denied his right to due process of law.[19]

We are not unmindful of the decision in Wood v. United States, 75 App. D. C. 274, 128 F. (2d) 265, 141 A. L. R. 1318, wherein it was held that petitioners, who were without counsel at their preliminary hearing and were subsequently convicted, had been deprived of their fundamental rights. Two basic differences between that case and this one make it inapplicable here. In the first place the Wood case dealt with the admissibility in evidence of a plea of guilty which, it was claimed, was illegally obtained from defendants at a preliminary hearing, at which they were required to plead guilty or not guilty. In the instant case no plea was required and none was, in fact, made by relator. When the justice court undertook to enter a plea of not guilty for relator, he was in no way prejudiced. Even if counsel had been present, he could not have secured a more favorable result since there was ample justification to warrant a finding that a crime had been committed and that there was probable cause to believe relator had committed it so as to

---

[16]§§ 629.52, 629.53.

[17]In re Bates (D. S. C.) 2 Fed. Cas. No. 1,099a; see, Phillips v. State, 162 Ark. 541, 258 S. W. 403; Harris v. Norris, 188 Ga. 610, 4 S. E. (2d) 840; Roberts v. State, 145 Neb. 658, 17 N. W. (2d) 666.

[18]State v. Griffin, 98 S. C. 105, 82 S. E. 254; see, Aetna Life Ins. Co. v. Milward, 118 Ky. 716, 726, 82 S. W. 364, 366, 68 L. R. A. 285 (coroner's inquest); and see, Ex parte Chin Loy You (D. Mass.) 223 F. 833 (no right to counsel in a deportation hearing).

[19]State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99.

require a bind-over to the district court for trial.

The second distinguishing feature is that the Wood case involved an appeal from a conviction and was not a habeas corpus proceeding as we have here. Granting that relator in justice court should have been allowed to contact his counsel, by entering a plea of guilty in the district court to the charge in the information filed against him, he waived all defenses other than that the information failed to charge an offense.[20] If he wished to protest the lack of counsel at the time he was in justice court, the proper time to raise the issue was at the arraignment in district court, not in a habeas corpus proceeding after conviction and sentence.[21]

It should also be pointed out that relator is not deprived of any fundamental rights. The purpose of providing counsel for all persons accused of felonies is to protect them from convictions resulting from their own ignorance of legal and constitutional rights.[22] It serves further to make certain that no plea of guilty is entered unwittingly and without regard for its consequences and that a fair and impartial trial is had in cases where the plea is not guilty. In the instant case no harm has been done to defendant. He was aware of his rights; his demand for counsel at the early stage of the proceeding establishes that. His subsequent representation by counsel assured him of a fair hearing which he admits he received. In no way was he deprived of his legal rights.

Relator's objections to the proceedings in the trial court are also without merit. His plea of guilty relieved the prosecution of proving any of the essential elements of the crime with which he was charged since it was tantamount to an admission that the charges were true. Nor can we sustain the claim that petitioner was tried and convicted on two counts which were unlawfully joined. He was charged with second-degree forgery and pleaded guilty to the charge. He was thereby convicted of that crime and his sentence was in accordance with the penalty

---

[20]State ex rel. Cobb v. Rigg, 251 Minn. 208, 87 N. W. (2d) 363; State ex rel. Savage v. Rigg, 250 Minn. 370, 84 N. W. (2d) 640, certiorari denied, 355 U. S. 918, 78 S. Ct. 348, 2 L. ed. (2d) 277.

[21]See, Annotation, 146 A. L. R. 369, 420, § 5, *preliminary examination.*

[22]See, State ex rel. Baker v. Utecht, 221 Minn. 145, 151, 21 N. W. (2d) 328, 332, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034.

provided by statute. Technical errors which may have been contained in the information, in so far as they relate to the joinder of two separate crimes, cannot be challenged by habeas corpus after conviction and sentencing.[23]

■ All of petitioner's arguments having been disposed of, it follows that the writ was properly denied and that the lower court should be affirmed.

Affirmed.

[23]State ex rel. Naus v. Rigg, 250 Minn. 365, 84 N. W. (2d) 698, certiorari denied, 355 U. S. 884, 78 S. Ct. 153, 2 L. ed. (2d) 114; Shaw v. Utecht, 232 Minn. 82, 43 N. W. (2d) 781, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627. Any statements in State v. Wood, 13 Minn. 112 (121), to the contrary, it must be remembered, relate to issues raised and considered in an appeal from the judgment of conviction and not in habeas corpus proceedings.