## STATE EX REL. THEODORE R. GREST v. R. H. TAHASH.

112 N. W. (2d) 54.

November 24, 1961—No. 38,369.

*Theodore R. Grest*, pro se, for appellant.

*Walter F. Mondale*, Attorney General, and *Henry H. Feikema*, Special Assistant Attorney General, for respondent.

NELSON, JUSTICE.

This is an appeal from an order discharging a writ of habeas corpus. Notice thereof was served January 17, 1961. Said writ was issued by the Washington County District Court on November 7, 1960, and respondent's return and relator's traverse were thereafter duly served and filed. After a hearing, findings of fact, conclusions of law, and order discharging the writ were filed December 29, 1960.

The question presented for review is whether the petition, denied by respondent's return, and the traverse present sufficient facts to justify the issuance of a writ of habeas corpus.

Since our statutes prior to April 20, 1961,[1] required that petitions

---

[1]Minn. St. 589.30, relating to the hearing of appeals in habeas corpus proceedings, was amended by L. 1961, c. 660. Such proceedings are now here on appeal, the same as any other civil action. The findings of the trial

of this kind be heard de novo in the supreme court, we will review the transcript of the original proceedings before the District Court of Morrison County made a part of the respondent's return.

Relator, Theodore R. Grest, is at the present time confined at the Minnesota State Prison pursuant to a warrant of commitment dated January 7, 1942. Relator had been charged by an information filed in the District Court of Morrison County with having committed the crime of robbery in the first degree. He answered by personal appearance and was represented by court-appointed counsel, one Mr. Edgar S. Young. His counsel moved the court for leave to withdraw a plea of not guilty which had been entered on a prior date and for leave to plead guilty. The motion was granted. The county attorney, Austin L. Grimes, then asked leave to file another information against relator. To this information, charging six prior felony convictions, he pleaded guilty also. After somewhat lengthy proceedings, the county attorney moved for sentence on January 6, 1942. Relator was placed under oath and questioned at length by the court. Both the county attorney and relator's attorney were given an opportunity to be heard before sentencing. Relator was also given an opportunity to be heard. The court then pronounced sentence in the following words:

"The judgment and sentence of the Court is that you, Theodore R. Grest, as punishment for the crime of Robbery in the First Degree, of which felony you have been duly informed against under the name Theodore Grest and have been duly convicted in this court by your plea of guilty, and an information having been duly filed against you in this court on the 6th day of January, 1942, under the name of Theodore Grest, accusing you of six previous convictions in this court of felonies, namely, of Burglary in the Third Degree, Breaking Jail, Attempted Rape, Attempted Assault in the Second Degree, Burglary in the Third Degree and Grand Larceny in the second Degree, as more particularly set forth in said information, and to which informa-

court are therefore entitled to the same weight as in other cases and are to be sustained if there is reasonable evidence to support them. See State ex rel. McGuire v. Tahash, 260 Minn. 334, 109 N. W. (2d) 762, regarding the effect of the amendment on appeals taken after its enactment.

tion you did say after you had been informed of the accusations against you by the reading to you of such information filed against you on the 6th day of January, 1942, as aforesaid, that you have been convicted of all of said six felonies set forth in said information filed on January 6, 1942, as aforesaid, and you having duly entered your plea of guilty to said last mentioned information, be committed to and confined in the State Prison at Stillwater, Minnesota, at hard labor until thence discharged by due course of law, but in no event less than ten years nor more than for life."

Immediately after the pronouncement of sentence, the county attorney informed the court that signed petitions had been delivered in three other actions involving the same defendant and that he stood ready to take up such actions when convenient to the court. They were ordered filed and arraignments followed immediately. The first information charged relator with assault in the first degree committed on January 1, 1942. Another charged him with committing assault in the second degree. The last information charged relator with the unauthorized use of an automobile. The transcript indicates that relator presented signed applications wherein he sought the permission of the court to plead guilty to the foregoing informations. Mr. Young had been appointed to represent the relator before the reading of each of the foregoing informations, and he announced to the court that relator waived the reading of the informations, that he deemed it proper that the relator's applications for permission to plead guilty be filed, and that relator stood ready to proceed with the arraignments and the pleas to the informations. Pursuant to the applications filed, relator pleaded guilty to said informations. The county attorney offered to stipulate, if agreeable to relator, that the questions asked him following the arraignment on the first-degree robbery charge and all statements made and recorded at that time might be made a part of the record of the proceedings upon the last three informations filed. Mr. Young said:

"That's agreeable to the defendant, with the right, however, to make any further disclosures or statements in connection with these matters."

Mr. Young announced to the court that relator would like to have

this matter deferred for a short period; this was agreeable to the court. Relator was informed by the court that he was entitled under the law to ask for 4 days. Relator next appeared with counsel on January 8, 1942, at which time the county attorney moved for sentence on the three informations in the order of arraignment. Relator, as well as his attorney, was again given an opportunity to be heard in each instance before the imposition of sentence. After sentencing on the last three charges, the court stated that these sentences were to be served as follows:

"* * * these sentences will be served after the sentence in the First Degree Robbery case is terminated, if it be terminated, by the prison authorities, and in the order in which they have just been given this afternoon, namely, the sentence upon the First Degree Assault charge, and then the sentence upon the Second Degree Assault charge, and third, the sentence upon the charge for Unlawfully Operating an Automobile, and to be served consecutively in that order."

The court further stated:

"Let commitment issue in the Robbery in the First Degree charge forthwith, and the other commitments to issue as soon thereafter as that sentence has been terminated and when it be terminated, and let copies of the commitment papers in the Assault in the First Degree, Assault in the Second Degree, and Unlawfully operating a Motor Vehicle charges be sent forthwith to the prison authorities."

It was not until nearly 19 years later that relator filed his petition for a writ of habeas corpus alleging that he is being detained by virtue of an invalid judgment of conviction. He states the following reasons for its invalidity: That he had been represented by inadequate and ineffective counsel; that he did not enter a plea of guilty to any of the offenses as charged and as required by statute; that he could not lawfully be adjudged guilty of prior convictions; that he was denied due process relative thereto and entered no plea thereto; that the court lacked jurisdiction to pronounce any judgment and sentence on any of the offenses charged in the information; that no "corpus delicti" was established in any of the offenses and, as a matter of fact, the last

three offenses were never admitted, thus rendering the court without jurisdiction; that his improvident and inconsistent pleas of guilty came as a result of threats, coercion, violence, and collusion; that he appeared in chains; and that the facts were prejudicially distorted by the prosecution.

We have reviewed the transcript of proceedings before the sentencing court, which includes all the appearances on January 5, 6, 7, and 8, 1942. So far as the files permit, we have also reviewed the hearing held pursuant to the writ of habeas corpus. At that hearing, respondent offered the testimony of William Butcher, formerly sheriff of Morrison County, Henry Smith, formerly deputy sheriff, and Edgar S. Young, relator's court-appointed attorney during the original proceedings. The findings by the court below indicate that these witnesses ruled out any claims that threats, coercion, violence, and collusion were practiced upon relator while he was confined in the county jail at Morrison County or preceding sentence and his claim that he was brought into court in chains.

The trial court made the following pertinent findings of fact:

"(f)   That the judgment herein has not been vacated or modified in any respect by any court of competent jurisdiction and that said judgment is now in full force and effect.

"(g)   That the relator was properly represented by competent counsel at all stages of the proceedings in the District Court of Morrison County.

"(h)   Except as hereinbefore found the allegations in the petition and return are found to be not true or to be immaterial."

The trial court also made the following conclusion of law:

"That the relator Theodore Grest, at the time of the issuance of the writ of habeas corpus herein, was and now is lawfully confined and restrained in the Minnesota State Prison by the respondent Acting Warden of said prison."

■ Since relator pleaded guilty to the informations filed against

him, he has admitted all the essential elements of the charge contained in each information.[2]

■ It is well established in our criminal procedure that court-appointed counsel is presumed to have discharged his responsibilities with fidelity unless the record clearly indicates otherwise. Nothing has been called to our attention in these proceedings which would rebut this presumption. It is likewise presumed that counsel has advised defendant of his rights with respect to all matters concerning which relator here complains by feigning ignorance. We are bound to conclude from our scrutiny of the files and proceedings before us that relator's bald assertions of fact apparently were made without regard for their truth or falsity. There is nothing in the record to support relator's contention that he was coerced by the prosecuting authorities or anyone else. Furthermore, relator's contention that he was not afforded adequate counsel and was not sufficiently advised of his rights is completely refuted. This transcript indicates that relator had adequate opportunity to consult with his counsel throughout the proceedings. He never, at any time, indicated to the court that he failed to understand what the arraignments involved or the course of the procedure thereafter followed. The transcript shows that his counsel was present at all times until the proceedings were fully terminated. We have found nothing in the record before us to show that relator's counsel did not fulfill his obligation with fidelity and competence.

■ We have no difficulty in coming to the conclusion that the sentencing court had jurisdiction over the person of the relator and the offenses for which he was convicted, that the sentences were authorized by law, and that relator was not denied any of his constitutional rights.

■ The functions of this court with respect to habeas corpus proceedings have been fully discussed in our prior decisions. A judgment of conviction is presumptively valid unless it appears affirmatively from the record that the court is without jurisdiction. The writ is not a sub-

---

[2]See, State ex rel. Welper v. Rigg, 254 Minn. 10, 16, 93 N. W. (2d) 198, 203; State ex rel. Stout v. Rigg, 252 Minn. 503, 509, 90 N. W. (2d) 910, 914; State ex rel. Savage v. Rigg, 250 Minn. 370, 375, 84 N. W. (2d) 640, 645.

stitute for a writ of error or appeal and may not be used as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant.[3]

The relator by his general allegations in his petition has not sufficiently met the requirements of Minn. St. 589.04. His petition amounts to nothing more than an attempt to create an aura of doubt, without specific allegations as to the validity of his conviction. His claims are frivolous and without merit. The order of the trial court is affirmed.

Affirmed.

_____

[3]See, State ex rel. Rajala v. Rigg, 257 Minn. 372, 382, 101 N. W. (2d) 608, 614; State ex rel. Flynn v. Rigg, 256 Minn. 304, 306, 98 N. W .(2d) 79, 82; State ex rel. Thomas v. Rigg, 255 Minn. 227, 234, 96 N. W. (2d) 252, 257; State ex rel. Adams v. Jackson, 254 Minn. 164, 167, 94 N. W. (2d) 285, 287; State ex rel. Naus v. Rigg, 250 Minn. 365, 367, 84 N. W. (2d) 698, 700; State ex rel. Munnell v. Rigg, 260 Minn. 509, 510, 110 N. W. (2d) 294, 296.