Daniel, J.
 

 The defendant was indicted and tried for trading with a slave, an offence embraced in ch. 34, sec. 75, Rev. Stat. More than one year had elapsed between the time of the trading with the slave, and the finding of this bill of indictment. In sec. SO, Rev. Slat. ch. 34, it is enacted, “ that no suit or indictment shall be prosecuted for any violation of the seventy-fifth and seventy-ninth sections of this act, unless such suit or indictment be commenced within twelve months after such violation.” . The'defendant, on the trial, insisted that the indictment was barred by the said act of limitation. The Solicitor for the State then exhibited evidence from the records of the Court, that the defendant stood charged upon another indictment, for the same offence,
 
 found by a
 
 grand jury within the time specified by the act. The jury found a verdict for the State, and the question of law was reserved for the opinion of the Court. Afterwards, the Court gave judgment for the defendant, and the Solicitor for the State appealed.
 

 The 80th section of the Statute directs, that unless the
 
 “
 
 indictment be commenced” within twelve months from the date of the offence, the prosecution shall not be carried on.
 

 An indictment (indicare, to shew,) is a written accusation of one or more persons, preferred and presented on oath by a grand jury. 4 Bla. Com. 302.
 
 Vide
 
 also, 2 Tomlin’s Law Dictionary, 163.
 

 When the accusation is thus found, it becomes an indictment. In the literal sense therefore ol this'section, the accusation must be thus found within twelve months after the violation of the Statute, or it cannot be presented afterwards. The phrase, “indictment commenced,” is indeed one not of frequent use, and it has been suggested, that probably the term, indictment, was used in the Statute, instead of, or in
 
 *34
 
 the sense of. the term “prosecution,” and, therefore, in the construction of the Statute, we may substitute the latter and more accurate expression. But there ought to be very cogent for talíing such a freedom with plain intelligible words, before it should be resorted to. There is nothing necessarily inaccurate in the phrase used by the Legislature. An indictment may be begun, as well as afterwards withdrawn or prosecuted. It is begun by the finding of the grand jury, as an action is begun by suing out the writ__ There is nothing absurd in the supposition, that the Legislature intended to prohibit prosecutions, unless the indictment were found within a limited period; for in the 8th section of the 35th chapter of the Revised Statutes, it is enacted, with regard to certain offences, that “the prosecution shall commence within two years after the commission of the said trespasses and misdemeanors, and not after;
 
 and,>
 
 no bill of indictment shall be found, or presentment made, by the grand jury of any County in the State, where the offences aforesaid shall have been committed two years next before the finding of the said indictment, or making the said presentment.” - It would seem, indeed, that the Legislature had here declared, that the commencement of a prosecution, and the finding of an indictment, were equivalent expressions ; and, if so, we should advance but little in the exposition of the Statute before us, by substituting one for the other. But be this as it may, we deem- it most safe, in the construction of a penal Statute, to guard against that liberality of interpretation, which might give to it an operation more extensive than its words manifestly require, either by bringing within its purview cases, notin terms within its enactments, or excluding from its savings and exceptions, cases which are comprehended within their literal sense.-
 

 Per Curram". Judgment affirmed.