## STATE v. ANNA S. JONES.[1]

June 12, 1914.

Nos. 18,566—(5).

Intoxicating liquor — sale to intoxicated person — evidence.

Prosecution for selling intoxicating liquor to an intoxicated person. *Held:* That the record kept by the village clerk was competent evidence of

[1] Reported in 147 N. W. 822.

the issuance of the liquor license under which the sale was made, and that persons who observed the appearance and actions of the purchaser were properly permitted to testify as to his intoxication, but that the charge to the jury taken as a whole was sufficiently prejudicial to defendant to require a new trial.

Defendant was indicted by the grand jury, tried in the district court for Itasca county before Stanton, J., and a jury, and convicted of the crime of selling intoxicating liquor to an intoxicated person. From an order denying her motion for a new trial, defendant appealed. Reversed and new trial granted.

*H. W. Stark,* for appellant.

*Lyndon A. Smith,* Attorney General, and *R. A. McOuat,* County Attorney, for respondent.

TAYLOR, C.

Defendant was convicted under the statute prohibiting the sale of intoxicating liquor to an intoxicated person and sentenced to pay a fine of $500. She made a motion for a new trial and appealed from an order denying the motion.

The sale was made by the barkeeper in a saloon known as the Jack Jones saloon in the village of Deer river. Defendant is the wife of Jack Jones. She was not at the saloon and had no knowledge of the sale. The prosecution is based upon the ground that she held the license under which the saloon was operated, and, by virtue of the statute relating to public drinking places, is liable criminally for any illegal sale of liquor made by the barkeeper.

Defendant contends that the charge to the jury was unduly prejudicial to her in several respects. If this complaint is well founded, she is entitled to a new trial. In case a defendant fails to testify in his own behalf, the statute (section 8376, G. S. 1913) prohibits the court from alluding to that fact. While no direct reference was made to the failure of defendant to take the witness-stand and testify, the attention of the jury was pointedly and unnecessarily called to the fact that she had not been present in court during the trial. The court also dwelt upon the fact that the enforcement of law

in any community depends upon the jurors who try criminal cases, and stated: "If you find that the facts exist which warrant the return of a verdict of guilty and you disregard those facts, and notwithstanding the belief that those facts exist, return a verdict of not guilty, then you are helping to show to the people of this community and the public at large that law enforcement does not exist in the community where you live." The jury were further reminded that no appeal could be taken if they found a verdict for the defendant. The charge laid much greater stress upon the duty of the jury to convict if the facts constituting the offense were proven beyond a reasonable doubt, than upon their duty to acquit if the facts constituting the offense were not so proven. There is perhaps no one thing in the charge which standing alone would necessitate a reversal, but the effect of the charge taken as a whole could hardly have been other than prejudicial. It was argumentative; the emphasis was all thrown in favor of the prosecution; and it tended to convey the impression to the jury that the court was of opinion that defendant ought to be convicted. We are not able to say that the charge did not prejudice the substantial rights of the defendant; and the case comes within the principle applied in State v. Almos, 122 Minn. 479, 142 N. W. 801, and State v. Yates, 99 Minn. 461, 109 N. W. 1070.

In view of another trial, and of the contention of appellant to the contrary, it is proper to say that the record kept by the village clerk was competent evidence of the issuance of the license; and that persons who observed the actions and appearance of the purchaser of the liquor were properly permitted to state whether he was or was not intoxicated. Order reversed and a new trial granted.

HALLAM, J., took no part.