## STATE v. ALVIS WORKMAN.[1]

November 16, 1923.

No. 23,631.

**Indorsement of "a true bill" unnecessary on an information of the county attorney.**

1. In an information under G. S. 1913, § 9159, et seq., neither the Constitution nor the statute requires the indorsement thereon of the words, "a true bill," nor is it necessary to insert the names of the witnesses.

**Conviction for making intoxicating liquor sustained.**

2. The state's principal witness, an accomplice of the defendant if the defendant was guilty, was sufficiently corroborated, and the evidence sustains the conviction.

**Charge to jury was impartial.**

3. The charge of the trial court was fair and impartial.

[1] Reported in 195 N. W. 776.

**New trial denied.**

 4. The claim of newly discovered evidence is not such as to require a new trial, nor does it call for discussion.

Defendant was arrested upon a criminal information of the county attorney of Itasca county charging him with manufacturing, on January 24, 1923, ten gallons of an intoxicating beverage, commonly known as and called "moonshine whiskey." The case was tried before Stanton, J., who at the close of the testimony denied defendant's motion to direct a verdict of not guilty, and a jury which found him guilty as charged in the information. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*R. A. McOuat,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Ralph A. Stone,* County Attorney, for respondent.

Dibell, J.

The defendant was convicted of the crime of manufacturing intoxicating liquor. He appeals from the order denying his motion for a new trial. The criminal proceeding was initiated by an information of the county attorney pursuant to G. S. 1913, § 9159, et seq. The proceeding by information was held to constitute due process in State v. Keeney, 153 Minn. 153, 189 N. W. 1023.

1. The statute requires the indorsement of "a true bill" on an indictment, and the insertion at its foot of the names of the witnesses before the grand jury. G. S. 1913, § 9132. An information is not an indictment. It is not a bill. There is no grand jury, and there are no witnesses, except in the event of a preliminary examination. Section 9160, which intends that the substance of the information shall be equivalent to that of an indictment, and that there shall be the same tests of sufficiency and validity, does not contemplate an indorsement of the words "a true bill" such as is prescribed for an indictment, nor the insertion of the names of the witnesses at the foot; nor does the Constitution, article 1, § 6, which gives the accused the right "to be confronted with the witnesses against him," require the insertion of their names in the information.

The Constitution means just what it says, that is, that at the trial the accused shall be confronted by the witnesses testifying against him.

2. Either the defendant, or the state's witness Kocian, or the two working together, manufactured intoxicating liquor in the woods some miles back from Nashwauk in Itasca county. The defendant claims that he had nothing to do with it. Kocian claims that the defendant was the principal one, and that he helped. If Kocian helped he was an accomplice, and corroboration of his testimony was necessary. The corroboration was sufficient. There is evidence that the still was within a half mile of the house of the defendant. A trail led to it. He purchased ingredients usually used in the process of manufacture. At his house was a large supply of corks fit for bottles. There were bottles smelling of whiskey. He had sold by the bottle and by the drink in his house. The evidence was for the jury and it sustains the finding of guilt.

3. It is claimed that the court's charge was unfair to the defendant within State v. Jones, 126 Minn. 45, 147 N. W. 822. We have examined it carefully. No unfairness is reflected in the record. On the contrary, a careful consideration brings us to the conclusion that the charge as well as the trial was fair and impartial.

4. The claimed newly discovered evidence is not such as to suggest the propriety of a new trial, and it does not call for discussion.

Order affirmed.