### STATE v. P. M. HEDDEN.

(Filed 31 May, 1924.)

**Abandonment—Husband and Wife—Criminal Law—Limitation of Actions— Statutes—Appeal and Error—Instructions.**

For the conviction of a misdemeanor prescribed for the abandonment by the husband of his wife and children (C. S., 4173, 4448, 4449), it is required by C. S., 4512, that presentment shall be made or found by the grand jury within two years after the commission of the offense, and a conviction of the husband otherwise cannot be sustained; and an instruction of the trial judge extending the time for a period caused by delays in the investigation in the court of the justice of the peace, should the warrant have been issued in the time prescribed by the statute, is reversible error, such being insufficient to repel the bar of the statute.

APPEAL by defendant from *Bryson, J.,* at November Term, 1923, of MACON.

Criminal action for abandonment. The indictment was found a true bill by grand jury at November Term, 1923.

The evidence on the part of the State tended to show that defendant abandoned his wife and three children without cause on 11 September, 1921, and had since not associated with them or in any way contributed to their support. State's evidence tended to show further that defendant was arrested for alleged offense under a magistrate's warrant on 25 October, 1922, and put in jail, and being thereafter released. The indictment was found, as stated, on 1 November, 1923.

The entries on the criminal docket of the Superior Court showed that Eva Hedden, wife of defendant, and prosecuting witness, was called and failed to appear; judgment *nisi* against her, and cause continued to 21 November, 1922. And on Minute Book, April Term, 1923, in *S. v. P. M. Hedden,* was the entry, "Cause continued." And on Minute Docket at November Term, *S. v. P. M. Hedden,* abandonment, "Alias." Defendant offered no testimony.

After properly defining the offense and stating the requisites to a conviction, the court, in reference to the statute of limitations, instructed the jury as follows:

"Where a warrant is issued, it marks the beginning of a criminal investigation, and where one is charged with an offense and a warrant is issued before a justice of the peace and an investigation before the justice of the peace is continued in its several steps necessary until it reaches the Superior Court, then the date of the institution of the action itself would not be counted as of the date of the finding of the bill of indictment, but of the date of the issuance of the warrant. But if the warrant was issued and discontinued, and was allowed to lapse, and did so, that it did not form the basis of the bill of indictment, then the bill of indictment found, if it was not found upon a presentment, it would indicate by its date the institution of the action."

Verdict, Guilty. Judgment, and defendant excepted and appealed, assigning for error the refusal of the court to allow his motion to nonsuit at the close of the evidence, and the excerpt from the charge on the statute of limitations.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*A. W. Horn, R. D. Sisk, and George Patton for defendant.*

HOKE, J. Under our statutes, C. S., 4173 and 4448 and 4449, the crime of abandonment is made a misdemeanor punishable as at common law with the additional power in case of conviction to make such "other orders as will best provide for the support of the deserted wife and children from the property or labor of the defendant." And under C. S., 4512, it is provided "That all misdemeanors and petit larcenies

where the value of the property does not exceed $5, except the offenses of perjury, forgery, malicious mischief, etc., shall be presented or found by the grand jury within two years after the commission of the same and not afterwards," etc.

There is no saving clause in this statute as to the effect of preliminary warrants before a justice of the peace or other committing magistrate, and in our opinion on the facts of this record the law must be construed and applied as written. There must be a presentment or indictment within two years from the time of the offense committed and not afterwards.

In *S. v. Morris,* 104 N. C., 837, it was sought to avoid the effect and operation of the statute by evidence tending to show that the grand jury within the time had been investigating the matter, but the position was disapproved, and in reference to it the court held:

Where a bill for a misdemeanor was sent to a grand jury, which began an investigation, but "continued" the case for want of material witnesses, returning the bill with that endorsement into court without presentment, and it was so entered of record, and at a subsequent term of the court, but more than two years after the commission of the offense, the bill was sent to another grand jury, which found it true: *Held,* not to be a presentment within the time, and that the prosecution was barred.

In the opinion in the *Morris case,* the Court cited *S. v. Tomlinson,* 25 N. C., 32, to the effect that even an indictment within the time will not uphold a trial and conviction on a second bill found after the statutory period.

The State's testimony showing that the prosecution is barred by lapse of time, and there being no fact or facts in evidence permitting a contrary inference, defendant's motion to dismiss the case as on judgment of nonsuit should have been allowed. *S. v. Fulcher,* 184 N. C., 663. This will be certified that the cause be dismissed.

Reversed.