## STATE v. EARL RANK.[1]

March 27, 1925.

No. 24,618.

**Statutory limitation not suspended by mere filing of information against accused.**

The operation of the statute of limitations is not suspended by merely filing an information within the time allowed by section 10655, G. S. 1923. Unless the information is filed to enable the accused to enter a plea of guilty as provided by section 10667, it must be presented to the court within three years after the date of the commission of the offense with which the accused is charged.

*Headnote. See. Criminal Law, 16 C. J. p. 231, § 355.

Information of the county attorney of Fillmore county charged defendant with concealing stolen securities. Defendant's motion

[1]Reported in 203 N. W. 49.

to set aside the information was denied, Peterson, J., who certified to the supreme court the question involved. Remanded with directions.

*Hopp & Larson, Frank O. Sasse* and *R. A. Dunnette,* for defendant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Samuel C. Pattridge,* for plaintiff.

LEES, C.

The county attorney of Fillmore county filed with the clerk of the district court an information, framed under section 10,374, G. S. 1923, in which defendant was charged with the unlawful concealment of stolen property.

Defendant moved that the information be set aside because it was not presented to the court within three years after the date of the commission of the offense charged. The motion was denied, and, at defendant's request, the court certified that the motion presented a doubtful question which should be determined by the supreme court.

The information was filed July 15, 1924. The date of the offense charged is August 5, 1921. The information was not presented to the court until the November, 1924, general term was held.

Section 10,655, G. S. 1923, provides that indictments for murder may be found at any time after the death of the person killed and that in all other cases the indictment shall be found and filed in the proper court within three years after the commission of the offense.

Section 10,665, G. S. 1923, reads in part as follows:

"All the provisions of law relating to indictments and for testing the validity thereof, shall apply to informations, and all provisions of law applying to prosecutions upon indictments; * * * and to all other proceedings in cases of indictment, * * * shall, to the same extent and in the same manner, as near as may be, apply to informations and all prosecutions and proceedings thereon."

This section was examined in State v. Keeney, 153 Minn. 153, 189 N. W. 1023, and this was said:

"These provisions clearly contemplate and intend that the accused may be tried upon an information in the same manner as upon an

indictment, and carefully preserve to him all the substantial rights secured to him by other provisions of the law."

In State v. Workman, 157 Minn. 168, 195 N. W. 776, it was said that the statute which requires the indorsement of an indictment and the insertion at its foot of the names of the witnesses before the grand jury has no application to informations; that the statute intends that the substance of the information shall be equivalent to that of an indictment, and that there shall be the same tests of sufficiency and validity.

If the language of section 10,665 means that the mere filing of an information shall have the same effect as the finding of an indictment and its presentation to the court, as prescribed by section 10,638, defendant's motion was properly denied.

The state contends that whenever a person accused of a crime has had a preliminary examination and is held to answer in the district court, the county attorney may file an information against him at any time within three years after the date of the commission of the offense, and that, once the information is filed, it need not be presented to the court to arrest the bar of the statute of limitations.

If, instead of proceeding by information, the county attorney presents the case to a grand jury and an indictment is returned, it must be found and filed within the three year period, section 10,655, G. S. 1923, and the fact that the accused had been held after a preliminary examination could not then be made the basis of a contention that the operation of the statute was suspended. Com. v. Haas, 57 Pa. St. 443, Flint v. State, 12 Ga. App. 169, 76 S. E. 1032; State v. Hedden, 187 N. C. 803, 123 S. E. 65. It would seem that the same rule should be applied, if the county attorney elects to proceed by information and that the information should be presented to the court in term time as well as filed within the period fixed by section 10,655. See State v. Robertson, 55 Neb. 41, 75 N. W. 37.

The usual procedure upon the return of an indictment is stated in State v. Beebe, 17 Minn. 218, 233 (241).

The arraignment of the accused should follow his indictment with no unnecessary delay, Dunnell, Minn. Dig. § 2440, because his constitutional right to a speedy trial imposes an obligation upon the court and the county attorney to proceed with the prosecution with reasonable promptness. State v. Artz, 154 Minn. 290, 191 N. W. 605.

It is unreasonable to suppose that the legislature intended to permit a county attorney to deprive the accused of the substantial rights he enjoys when the charge is preferred by indictment, by filing an information instead of laying the case before the grand jury.

When the latter course is followed, the accused is brought into court, hears the indictment read, receives a copy and may demand that he be put on trial at the term of court then being held.

If an information is filed when the court is not sitting, nothing happens until the next term of court is held, unless the accused wishes to plead guilty as provided by section 10,667, G. S. 1923. Unless he goes to the clerk's office from time to time to ascertain whether an information has been filed, he cannot know whether the prosecution begun before the examining magistrate, is to be carried further. If an information is filed, he has nothing but constructive notice of its filing and of the precise nature of the charge. If the legislature really intended that the effect of placing an information on file should be the same as finding and filing an indictment, it has failed to express the intention clearly.

As we read the statute an information is in the nature of a substitute for an indictment. It serves two purposes: It permits the accused to plead guilty to the charge made against him, and to have his plea entered and sentence imposed whether the court is in session or not, and it relieves the county attorney from the necessity of presenting to the grand jury those cases in which an examining magistrate has held the accused to appear to answer to a charge where the offense is punishable by a term of imprisonment which does not exceed ten years.

We conclude that in the class of cases last mentioned the statute of limitations continues to run until the information is presented

to the court. The conclusion is sustained by Commonwealth v. Haas, supra, where it was held that the running of a statute which provided that "indictments and prosecutions" for certain felonies should be brought or exhibited within two years after the crime was committed was not interrupted by the commencement of a prosecution before a justice of the peace within the time allowed, the defendant, as in the case here, not having been out of the state since the date of the offense.

We hold that defendant's motion should have been granted and reverse the order, remand the case and direct that the information be set aside.