STATE of Minnesota, Respondent,

v.

Deborah Lavonne FAVORS a/k/a
Graham, Appellant.

No. C4–91–1373.

Court of Appeals of Minnesota.

Feb. 11, 1992.

Review Denied March 26, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin Cty. Atty., Lee W. Barry Sr. Asst. Cty. Atty., Minneapolis, for respondent.

John M. Stuart, State Public Defender, Susan Maki, Asst. Public Defender, Minneapolis, for appellant.

## OPINION

SCHUMACHER, Judge.

Appellant, Deborah L. Favors a/k/a Graham, was charged with two counts of wrongfully obtaining public assistance in violation of Minn.Stat. § 256.98 (1982). Appellant moved to dismiss the charges on the grounds that the state failed to serve her with the complaint within the statute of limitations period. The trial court denied appellant's motion to dismiss, reasoning that the state satisfied the statute of limitations by filing its complaint in the district court within the statute of limitations period.

## FACTS

Between April 1, 1983 and November 30, 1983, appellant received $3929.39 in AFDC and medical assistance benefits and $958 in food stamp benefits to which she was not entitled because she was employed. Appellant submitted to the Hennepin County Economic Assistance Department family income reports and food stamp applications on which she represented that she was unemployed.

On June 12, 1984, a complaint was filed in Hennepin County District Court charging her with two counts of public assistance fraud. A warrant was also issued for her arrest. Neither the complaint nor the warrant were served upon appellant until October 7, 1987, three years and eleven months after the offense occurred. The relevant statute of limitations period is three years.

Appellant appeared in court on the warrant and was referred to Project DeNovo and her case was placed on the miscellaneous calendar. Appellant did not complete that program, and on December 28, 1988, her case was returned to the trial calendar.

Appellant filed a motion requesting that the charges against her be dismissed because the criminal complaint had not been served upon her within the statute of limitations period. The trial court denied that motion, holding that the complaint had been timely filed.

Thereafter, appellant waived her right to a jury trial, and one count of the complaint was submitted to the court for decision on the basis of stipulated facts. The court found appellant guilty of one count of public assistance fraud.

## ISSUE

Is the filing of a complaint with the district court sufficient to satisfy the statute of limitations, or must the complaint also be served on the defendant?

## ANALYSIS

■ Since the issue of this case concerns the application of a statute to uncontroverted facts, it is a question of law and the trial court's conclusion is not binding on this court. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs. Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

■ The statute of limitations in question provides in pertinent part:

[I]ndictments or complaints shall be found or **made and filed** in the proper court within three years after the commission of the offense; but the time during which the defendant shall not be an inhabitant of, or usually resident within, this state, shall not constitute any part of the limitations imposed by this section.

Minn.Stat. § 628.26(e) (emphasis added). The statute does not expressly provide that the defendant must be served within the three-year time period. Appellant argues, however, that personal service on the defendant is implied within the statute.

We think that the plain meaning of the statute is clear, and that it only requires that a complaint be filed with the court within the statutory time period. This interpretation of the statute is consistent with the legislative purpose, namely to prevent prejudices to an accused person which might occur if a prosecution is not commenced within a reasonable time after an alleged offense occurs.

■ Other remedies, such as the right to due process and the right to a speedy trial, are available to defendants who suffer actual prejudice from a delay in prosecution. In addition, the trial court has power under Minn.R.Crim.P. 30.02 to dismiss a complaint if there is unnecessary delay by the prosecution, and it has an inherent power to dismiss in the interests of justice. *See* 7 H. McCarr, *Minnesota Practice* § 8.13, at 509–10 (1990). Therefore, it is not necessary to broaden Minn.Stat. § 628.26(e) beyond its plain meaning to provide protections that are already provided by the state and federal constitutions and by the Minnesota Rules of Criminal Procedure.

Appellant argues that the supreme court's decision in *State v. Rank*, 162 Minn. 393, 203 N.W. 49 (1925), is controlling. We do not think *Rank* is controlling here. In *Rank*, the supreme court held that the statute of limitations continues to run until the complaint is "presented to the court" so that the accused has actual notice of the charge. *Id.* at 395, 203 N.W. at 50. The statute at issue in that case provided:

Indictments shall be found and filed in the proper court within three years after the commission of the offense; but the time during which the defendant shall not be an inhabitant of, or usually resident within, this state, shall not consti-

tute any part of the said limitation of three years.

Minn.Stat. § 10655 (1923).

Because this statute did not specifically address the procedures and time requirements applicable to a charge by complaint, rather than a charge by indictment, the *Rank* court found it necessary to read the applicable procedures and time requirements for a charge by complaint into the statute. The legislature had not addressed the issue. The court read into the statute a requirement that a complaint be presented to the court within the three-year period, because, it reasoned, a defendant who is charged by complaint should be notified of the charge as he or she would be if he or she was charged by indictment.

In the statute at issue in the present case, the legislature did address the limitations period applicable to a charge by complaint and the legislature required only that the complaint be filed with the court. Since the legislature addressed the issue of what time requirements are imposed on a charge by complaint, it is not appropriate for this court to read any extra requirements into the statute.

### DECISION

Personal service of a criminal complaint is not necessary under Minn.Stat. § 628.-26(e). All that is required is that the complaint be filed.

Affirmed.