**STATE of Minnesota, Respondent,**

v.

**Jeffrey ULMER, Appellant.**

No. A05–1148.

Court of Appeals of Minnesota.

Aug. 8, 2006.

■■■■■■

Mike Hatch, Attorney General, St. Paul, MN; and Raymond F. Schmitz, Olmsted County Attorney, Jeffrey D. Hill, Assistant County Attorney, Rochester, MN, for respondent.

Zachary C. Bauer, Assistant Public Defender, Third Judicial District, Rochester, MN, for appellant.

Considered and decided by WRIGHT, Presiding Judge; SHUMAKER, Judge; and ROSS, Judge.

## OPINION

ROSS, Judge.

This case involves disturbing behavior—an adult stranger's peering over a urinal partition to watch a seven-year-old boy urinate. In this appeal from a conviction of interference with privacy, appellant Jeffrey Ulmer argues that the district court erred by ruling that his conduct violated Minnesota's Interference with Privacy statute. Because we conclude that a person has an expectation of privacy when using a partitioned urinal in a public restroom and that the space above the partition constitutes an aperture within the meaning of the statute, we affirm Ulmer's conviction for interference with privacy.

## FACTS

On December 22, 2003, two Wal–Mart employees received a complaint that a man later identified as Jeffrey Ulmer was watching an unattended seven-year-old boy in the vicinity of the men's public restroom. One of the employees watched Ulmer follow the boy into the restroom, and then to the urinals. Ulmer and the boy each stood facing a urinal, separated by a partition. The boy began to urinate, and Ulmer leaned over the partition and watched. Ulmer's hands were in his pockets, and the employees did not see him use the urinal for urination.

One employee notified a police officer, who stopped and questioned Ulmer in the parking lot. The state later charged Ulmer with gross-misdemeanor interference with privacy, in violation of Minn.Stat. § 609.746, subd. 1(c), (e)(2) (2002).

Ulmer filed a motion to dismiss the complaint for lack of probable cause. He argued that his conduct does not violate the Interference with Privacy statute because the boy did not have an expectation of privacy in the public restroom and because he did not view the boy through a window or aperture as prohibited by the statute. The district court denied his motion. Ulmer waived his right to a jury trial and agreed with the state to submit the case to the district court on stipulated facts. The state amended the charge to misdemeanor interference with privacy, and the district court found Ulmer guilty. The district court stayed the imposition of a sentence for one year and placed Ulmer on probation.

## ISSUE

Did the district court err by failing to dismiss the complaint for lack of probable cause?

## ANALYSIS

■ Ulmer challenges the district court's denial of his motion to dismiss for lack of probable cause. Ulmer does not dispute the facts as found by the district court and argues only that his conduct does not fall within the scope of Minnesota's Interference with Privacy statute. Whether a statute has been properly applied is a question of law to be reviewed de

novo. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996).

■ Ulmer challenges the district court's application of the statutory prohibition against interference with privacy. Under Minnesota law,

> A person is guilty of a misdemeanor who
>
> (1) surreptitiously gazes, stares, or peeps in the window or other aperture of a sleeping room in a hotel, as defined in section 327.70 subdivision 3, a tanning booth, or other place where a reasonable person would have an expectation of privacy and has exposed or is likely to expose their intimate parts, as defined in section 609.341, subdivision 5, or the clothing covering the immediate area of the intimate parts; and
>
> (2) does so with intent to intrude upon or interfere with the privacy of the occupant

Minn.Stat. § 609.746, subd. 1(c) (2002).

Ulmer contends that a person does not have a reasonable expectation of privacy in a public restroom. We reject this argument as baseless. Ulmer maintains that section 609.746 is intended to "protect a person within a house or place of dwelling" and that a person does not enjoy the type of privacy protected by the statute while in a public restroom. But Ulmer contradicts his argument, conceding that a person in a public restroom using a toilet fully enclosed by partitions and a door *would* have an expectation of privacy.

Relying on *State v. Bryant,* 287 Minn. 205, 177 N.W.2d 800 (1970), the state contends that a reasonable person using a public restroom can "expect that degree of privacy that the design [of the restroom] affords." In *Bryant,* the Minnesota Supreme Court held that police surveillance of an enclosed toilet stall violated the user's Fourth Amendment right to privacy. 287 Minn. at 209, 177 N.W.2d at 803. But the court also opined that had the door of the toilet enclosure been removed, "anyone using the facilities would have no expectation of privacy." *Id.* at 211, 177 N.W.2d at 804. On this, Ulmer attempts to distinguish *Bryant.* We are not persuaded. *Bryant's* speculation about the relationship between removing stall doors and an objective expectation of privacy is dicta. Additionally, understanding how these public facilities are commonly used resolves the suggestion posed by *Bryant's* hypothetical; a doorless toilet stall would not tend to offer privacy during use, while a partitioned urinal stall would.

■ The design of the restroom here affords a user more than a modicum of privacy by virtue of the partitions that separate the urinals. When a person steps up to a urinal, the partitions and the user's body create a space in which the user would quite obviously expect to be free from even incidental observation, let alone from the exploring eyes of predatory restroom stalkers. In that space shielded from the public's view by partitions and the user's body, we conclude that a reasonable person has an expectation of privacy. Put differently, only an unreasonable person would consider that space open to public viewing.

■ We next address Ulmer's arguments that the area above the partition is not an "aperture" and that the space shielded from view by the partitions and the victim's body is not a "place" within the meaning of the statute. The statute prohibits surreptitious gazing, staring, or peeping in a "window or *other aperture* of a sleeping room in a hotel ..., a tanning booth, or *other place* where a reasonable person would have an expectation of privacy and has exposed or is likely to expose their intimate parts." Minn.Stat. § 609.746, subd. 1(c) (emphasis added). Ulmer contends that an "aperture" is "an

opening or open space: Hole" and that a "place" is a confined or bounded area. He argues that the area above the partitioned urinal is too large to be an aperture and that a three-sided area is not bounded and cannot constitute a place. In *State v. Morris*, we addressed the similar arguments of a man caught using a hidden camera to videotape up the skirts of female department-store patrons. *Id.* 644 N.W.2d 114, 117 (Minn.App.2002), *review denied* (Minn. July 16, 2002). We held that the area under a skirt is a "place" within the meaning of section 609.746 because it has a defined spatial location that is associated with a person's intimate parts. Here, a space is created by the partitions and the user's body, and that space is similarly associated with a person's intimate parts. It also follows from our conclusion regarding a reasonable person's expectation of privacy in the space shielded from view by partitions and the person's body that that space is a "place" within the meaning of the statute. We find no merit in Ulmer's contentions otherwise.

We also are unpersuaded by Ulmer's argument that the area above the partition is too large to constitute an aperture within the meaning of the statute. Nothing in the statute or caselaw limits the size of an "aperture." And like a "window," which can also be either large or small, an "aperture" is simply a space through which an offender obtains a view into that place where a reasonable person has an expectation of privacy. *See* Minn. Stat. § 609.746, subd. 1(c)(1). Here, the space above the partitioned urinal through which Ulmer's craning and intrusive viewing encroached into the boy's privacy is an aperture within the meaning of the section 609.746.

## DECISION

Because a reasonable person when using a public restroom has an expectation of privacy in that place shielded from public view by partitions and his body, and because the space above each partitioned urinal in a public restroom constitutes an aperture under section 609.746, we conclude that the district court did not err by denying Ulmer's motion to dismiss for lack of probable cause.

**Affirmed.**