**STATE of Minnesota, Respondent,**

**v.**

**Richard Allen PEREZ, Appellant.**

**No. A09–704.**

Court of Appeals of Minnesota.

March 9, 2010.

Lori Swanson, Attorney General, St. Paul, MN; and Janice S. Kolb, Mille Lacs County Attorney, Mark J. Herzing, Assistant County Attorney, Milaca, MN, for respondent.

Craig E. Cascarano, Minneapolis, MN, for appellant.

Considered and decided by JOHNSON, Presiding Judge; STONEBURNER, Judge; and DORIS OHLSEN HUSPENI, Judge.

## OPINION

DORIS OHLSEN HUSPENI, Judge.*

The district court found appellant Richard Perez guilty of four counts of interference with privacy under Minn.Stat.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

§ 609.746, subd. 1(d) (2006), for videotaping his wife without her knowledge, while she was undressed in their shared, residential bathroom. Because a spouse may have a reasonable expectation of privacy when alone in a shared bathroom and does not necessarily lose this reasonable expectation through marriage, we affirm.

## FACTS

The facts of this case are undisputed. In July 2006, appellant's estranged wife, K.P., contacted law enforcement personnel, indicating to them that she and appellant were in the process of divorce and that during that proceeding K.P. discovered that appellant had altered a picture of K.P. K.P. became suspicious of what else might be on their home computer. She was able to access the computer and in doing so she found video clips that appeared to be taken by appellant. Those clips included a video of K.P., naked, getting into the bathtub in the bathroom shared by the parties. She stated to the police that she had not given permission to have the videos taken, and that she had discovered a hole in the parties' bathroom wall capable of being used for videotaping. Pursuant to a search warrant issued on the basis of K.P.'s complaint, the parties' home computer tower was seized; the police found four video clips of K.P., undressed in the bathroom, and several other clips taken by Perez in public places attempting to film under women's skirts and shorts. Police also documented the existence of a hole between the closet and the bathroom of the parties' home.

Police sought to arrange a time to speak with appellant at the police department about K.P.'s complaint. On the morning of the scheduled appointment, appellant arrived at the parking lot of the police department and stated that he was not going to speak with an officer and would be contacting a lawyer. The officer stated that he could arrange a time to speak with appellant and his lawyer, at which point appellant said "Sorry, you [know], I was taking [m]eth and I don't remember much[.] We weren't having sex anymore and[ ] I did that for me, nobody else." The charges upon which appellant was subsequently convicted followed.

Appellant waived his right to a jury trial and agreed to have the matter tried on stipulated facts. Among the stipulated facts presented to the court was the acknowledgment that although the parties' bathroom was undergoing some reconstruction and did not have sheetrock on the bathroom side of the walls or have a door at the time of the videotaping, there was sheetrock on the opposite side of the walls and K.P. had hung a shower curtain in place of the door to close off the bathroom. This action of K.P. had afforded her enough seclusion that appellant was required to create a hole in the wall of the adjoining closet to film her.

Appellant argued to the district court that he could not be found guilty of interference with privacy under the statute because, as a matter of law, K.P. did not have a reasonable expectation of privacy when occupying their shared, residential bathroom, due to the fact that they were married at the time of the videotaping. Alternatively, appellant argued that K.P. did not have a reasonable expectation to keep her "intimate parts" private from her husband. The district court convicted appellant on all four counts of interference with privacy, concluding that K.P. did have a reasonable expectation of privacy when alone in the couple's bathroom and that absent implied or express consent, the parties' marital relationship did not eliminate her reasonable expectation of privacy. Appellant renews these two arguments on appeal.

## ISSUE

Does a spouse have a reasonable expectation of privacy from being videotaped surreptitiously by the other spouse while alone in a shared, residential bathroom?

## ANALYSIS

■ Minn.Stat. § 609.746, subd. 1(d), states that:

A person is guilty of a gross misdemeanor who:

(1) surreptitiously installs or uses any device for observing, photographing, recording, amplifying, or broadcasting sounds or events through the window or other aperture of a ... place where a reasonable person would have an expectation of privacy and has exposed or is likely to expose their intimate parts ... or the clothing covering the immediate area of the intimate parts; and (2) does so with intent to intrude upon or interfere with the privacy of the occupant.[1]

Appellant does not challenge that there was a surreptitious installation or use of a device for photographing events through an aperture. Instead, he first argues that his conviction must be reversed as a matter of law because his wife did not have a reasonable expectation of privacy that included an expectation of not being videotaped by him in their bathroom without her knowledge and consent, and therefore the statute is inapplicable to the facts of this case.

■ Whether a statute has been properly construed is a question of law, subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996). The primary objective in interpreting a statute is "to give effect to the intention of the legislature in drafting the statute." *State v. Thompson*, 754 N.W.2d 352, 355

(Minn.2008). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded." Minn.Stat. § 645.16 (2006). When ascertaining the legislature's intent, this court should presume that the legislature does not intend an absurd or unreasonable result. Minn.Stat. § 645.17(1) (2006); *see also State v. Koenig*, 666 N.W.2d 366, 372 (Minn.2003) (stating same). A district court's application of statutory criteria to the facts found is a question of law that we review de novo. *State v. Favors*, 482 N.W.2d 226, 227 (Minn.App.1992), *review denied* (Minn. Mar. 26, 1992).

■ In assessing whether a defendant is guilty of interference with the privacy of another under section 609.746, Minnesota law concerning the reasonable expectation of privacy in the search and seizure context is instructive. *See State v. Ulmer*, 719 N.W.2d 213, 216 (Minn.App.2006) (affirming conviction of interference with privacy based on the reasoning of *State v. Bryant*, 287 Minn. 205, 177 N.W.2d 800 (1970)), which addressed the reasonable expectation of privacy from police surveillance in public restroom. To have a protected privacy interest, an individual must have a subjective expectation of privacy and the subjective expectation must be reasonable, i.e., one that is recognized by society. *See State v. Jordan*, 742 N.W.2d 149, 156 (Minn.2007) (citing *In re Welfare of B.R.K.*, 658 N.W.2d 565, 571 (Minn.2003)); *see also Rakas v. Illinois*, 439 U.S. 128, 143–44 n. 12, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978) (stating that to be legitimate, expectation of privacy must be one that society is prepared to recognize as "reasonable").

---

1. Appellant was charged under the 2006 version of this statute, but the current version of the statute is the same. *See* Minn.Stat. § 609.746, subd. 1(d) (2008).

In *Bryant,* the Minnesota Supreme Court reasoned that an occupant of a public restroom could reasonably expect the degree of privacy that the design of the restroom assures through partitioned toilet stalls with doors. *Bryant,* 287 Minn. at 210–11, 177 N.W.2d at 803. The Court held that evidence obtained through police surveillance using a vent above the closed-off toilet stall violated the defendants' constitutional rights. *Id.* at 205–06, 212, 177 N.W.2d at 801, 804. In *Ulmer,* we held that an individual had a reasonable expectation of privacy when using a partitioned urinal based on the restroom's design and that the defendant was guilty of interference of privacy when he leaned over the partition to watch someone use the urinal. *Ulmer,* 719 N.W.2d at 215–16.

We recognize that none of the Minnesota cases addressing a reasonable expectation of privacy involved that expectation in the context of a marital relationship. The Iowa Supreme Court, however, recently considered a case that has facts similar to those here. While arising in the context of a civil action, the Iowa case is nonetheless instructive. In *In re Marriage of Tigges,* 758 N.W.2d 824 (Iowa 2008), the wife sued the husband in the course of their divorce proceeding for installing video cameras in their bedroom. *Id.* at 825–26. The court held that the wife had a reasonable expectation of privacy when she was alone in the parties' bedroom, and stated that she "did not forfeit through marriage her expectation of privacy." *Id.* at 828. The *Tigges* court cited with approval the analysis of the Texas Court of Appeals in *Clayton v. Richards,* 47 S.W.3d 149, 155–56 (Tex.App. 2001). *Tigges,* 758 N.W.2d at 827–28. After recognizing that a "spouse shares equal rights in the privacy of the bedroom, and the other spouse relinquishes some of his or her rights to seclusion, solitude, and privacy by entering into marriage[ ] [and]

by sharing a bedroom with a spouse," the *Clayton* court went on to conclude,

[N]othing in … common law suggests that the right to privacy is limited to unmarried individuals. When a person goes into the privacy of the bedroom, he or she has a right to the expectation of privacy in his or her seclusion…. As a spouse with equal rights to the use and access of the bedroom, it would not be illegal or tortious as an invasion of privacy for a spouse to open the door of the bedroom and view a spouse in bed…. However, the videotaping of a person without consent or awareness when there is an expectation of privacy goes beyond the rights of a spouse.

*Clayton,* 47 S.W.3d at 155–56 (citations omitted).

We find the rationale expressed in the Iowa and Texas cases sound, their reasoning persuasive, and their factual scenarios strikingly similar to those in this case. Although here reconstruction involving the bathroom had caused the door of that room to be removed, K.P. demonstrated a subjective, reasonable, expectation of privacy when she hung the shower curtain. While the condition of the bathroom may not have assured privacy from being overheard or from having appellant enter the room, it did assure privacy from being videotaped by him when she was alone in the room and unaware of any intrusion.

The basic question we must answer here is not whether appellant had a right to enter the bathroom while K.P. was there. If he had entered, K.P. would have been aware of that entry, and she might have acquiesced in appellant's presence or she might have asked him to leave. Her expectation of privacy might have been intruded upon, but she would have been aware of that intrusion and been able to address it. While knowledge of appellant's presence in the bathroom might have tem-

porarily lessened or frustrated K.P.'s reasonable expectation of privacy, his surreptitious videotaping of her violated both her reasonable expectation and the provisions of the statute.

 Appellant next argues that even if the fact that he and K.P. shared the bathroom in their home is not enough to preclude his convictions, the fact that he has often consensually seen his wife in a state of undress in the past means that his continued observation and videotaping without her knowledge cannot be an invasion of her privacy, and cannot, therefore, constitute a violation of the statute. Under the facts of this case, we find no merit to this argument.[2] Indeed, for this court to do so would be tantamount to stating that a spouse indefinitely and irrevocably consents to intrusion such as occurred here—knowingly and unknowingly—by the other spouse without limitation. Even in marriage, consent can be bounded. The courts in *Tigges* and *Clayton* concluded that a spouse does not have an absolute right to videotape the other spouse without his or her knowledge of and consent to that activity. *Tigges,* 758 N.W.2d at 828; *Clayton,* 47 S.W.3d at 156. Similarly, the *Bryant* court rejected the state's argument that the defendants consented to surveillance by virtue of using the public restroom, stating, "[c]onsent can hardly be given in the absence of some knowledge that an act is in progress or is to be performed." *Bryant,* 287 Minn. at 211, 177 N.W.2d at 804. We find the rationale of *Bryant* to be applicable to K.P. and appellant.

K.P. did not know she was being videotaped in the bathroom and did not consent to being recorded surreptitiously. As already noted, appellant's argument that his past consensual observation of K.P. forfeited her reasonable expectation of privacy from him in the future is fatally flawed. A spouse does not lose all claims to privacy through previously sharing some intimate information, activity, or viewing with the other spouse. Federal law recognizes the reasonable expectation of privacy spouses have in their phone conversations and creates a civil action for unauthorized wiretapping by one spouse of the other. *Kempf v. Kempf,* 868 F.2d 970, 972 (8th Cir.1989). If marriage does not erase a spouse's reasonable expectation of privacy in his or her phone calls, it surely cannot erase his or her reasonable expectation of privacy from being videotaped while undressed without his or her knowledge or consent.

 Finally, to the extent appellant argues that the legislature did not intend the offense of interference with privacy to include conduct between spouses and that he must, therefore, be exempted from the reach of the statute, we disagree. The language of section 609.746, subdivision 1(d), is free from any ambiguity. There is no spousal exception set forth in that language. When the legislature wishes to create an exception to a criminal offense, it leaves no doubt as to the legislative intent. *See e.g.* Minn.Stat. § 609.349 (2008) (creating exception to some criminal-sexual-conduct offenses if complainant is actor's legal spouse and couple is not in process of separation or divorce); *cf. Annandale*

---

**2.** We recognize that in the context of a marriage relationship, the reasonable expectation of privacy a spouse has turns on the facts of each case. There is nothing in the record before us to indicate that appellant and K.P. had a practice of surreptitious installation of videotape devices, undisclosed or non-consen-

sual videotaping in an area where reasonable expectation of privacy was apparent, and subsequent acceptance of and agreement with such practice. We decline to engage in conjecture here concerning the effect evidence of such practice would have on subsequent cases.

*Advocate v. City of Annandale,* 435 N.W.2d 24, 30 (Minn.1989) (stating that "legislature knew how to incorporate a specific reference to cities and other local government bodies in the Open Meeting Law ... [and] if the legislature had wanted to exempt city governments from the [law], it would have so indicated"). Appellant's actions in surreptitiously videotaping his wife without her knowledge or consent brought him clearly within the reach of the statute he was found to have violated.

## DECISION

Appellant's wife had a reasonable expectation of privacy from being surreptitiously videotaped by him while she was alone in their shared bathroom. The district court properly convicted appellant of interference with privacy under Minn.Stat. § 609.746, subd. 1(d), on proof beyond a reasonable doubt that he videotaped his wife while she was alone and undressed in their bathroom without her knowledge or consent.

**Affirmed.**